IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LOUIS HINTZE BRIGGS, II,         )
                                 )
    Plaintiff,                   )
                                 )
v.                               )     CASE NO. CV415-062
                                 )
NANCY A. BERRYHILL, Acting       )
Commissioner of Social Security, )
                                 )
    Defendant.                   )
                                 )

## O R D E R

Before the Court is Plaintiff's Motion for Attorneys' Fees. (Doc. 21.) For the following reasons, Plaintiff's motion is **GRANTED**. Upon receipt of payment, counsel for Plaintiff is **DIRECTED** to remit previously awarded Equal Access Justice Act ("EAJA") fees in the amount of $4,403.47 directly to Plaintiff.

Pursuant to 42 U.S.C. § 404(b), the Court may award a successful claimant's counsel attorneys' fees for work performed before the Court in a "reasonable" amount. As § 406(b) fees stem from a grant of past-due benefits, the Court may authorize payment of "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1276 (11th Cir. 2006). Attorneys seeking to recover on such fees must petition the Court for approval regardless of whether there is a written

agreement between counsel and the claimant. Gisbrecht v. Barnhart, 535 U.S. 789, 795, 122 S. Ct. 1817, 1821 (2002). "[C]ourts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case." Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (citing Gisbrecht, 535 U.S. at 808, 122 S. Ct. at 1828).

In this case, the Court notes that the requested fee of $14,000.00 is not greater than twenty-five percent of Plaintiff's past-due award of $88,235.00. Moreover, there is no evidence of fraud or overreaching by Plaintiff's counsel in making the contingency fee contract with Plaintiff. Based on the numbers of hours worked by Plaintiff's counsel in this case, 23.8 hours, a reward of fees in this case would represent a de facto hourly rate of $588.24. After careful consideration, the Court finds this fee to be reasonable. The Court makes this determination in light of the fact that Counsel's briefs resulted in reversal, remand, and an award of significant value for Plaintiff. See Nabors v. Berryhill, No. 4:14cv437-MW/CAS, 2018 WL 2093461, at *1-2 (N.D. Fla. May 3, 2018) (considering that a successful social security claimant would have received nothing without an attorney's assistance); see also Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (approving a

2

contingency fee that amounted to a $643.00 hourly rate). Additionally, the requested attorneys' fee is slightly less than 16% of Plaintiff's overall recovery.[1]

Based on the Court's review of the record in this case and there being no opposition by the Commissioner, counsel for Plaintiff is **AWARDED** the requested $14,000.00. Because Plaintiff's counsel has already received attorneys' fees under the EAJA (Doc. 40), however, Plaintiff's attorney must remit that payment directly to Plaintiff. Gisbrecht, 535 U.S. at 796, 122 S. Ct. at 1822. Upon receipt of the requested $14,000.00, counsel for Plaintiff is **DIRECTED** to remit $4,403.47 directly to Plaintiff.

SO ORDERED this 28th day of March 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court also notes that Counsel filed their request for fees pursuant to § 406(b) within ten days of the Commissioner announcing his finding of past-due benefits in a Notice of Award (Doc. 21, Attach. 3 at 6). See Brown v. Astrue, No. CV411-152, 2014 WL 4928880, at *3 (S.D. Ga. Sept. 30, 2014).